**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID RICHARD PINNOW,

               Petitioner - Appellant,

   v.

CONRAD M. GRABER,

               Respondent - Appellee.

No. 09-16619

D.C. No. 4:08-cv-00584-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

    Federal prisoner David Richard Pinnow appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas petition.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

    Pinnow contends that he is entitled to 16 months credit towards his federal

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence for the time he spent in custody pursuant to a writ of ad prosequendum, before his sentence was imposed. Pinnow remained subject to the jurisdiction of the state during the time he spent in custody pursuant to the writ. *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.") (internal citation omitted). Accordingly, the credits earned during that period applied to his state sentence only. *See* 18 U.S.C. § 3585(b). Pinnow is also not entitled to credit for the month between the imposition of his federal sentence and the date he commenced service of that sentence. *See* 18 U.S.C. § 3585(a); *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998) (federal sentence commences when service of that sentence begins, not when sentence is imposed).

Pinnow also contends that the sentencing judge intended to credit him for the time he spent in state custody. This contention is not supported by the record. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

**AFFIRMED.**